IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN A. CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 03:2006-205 |
| v. ) | |
| ) | |
| FREEDOM FORD SALES, INC.; ) | |
| MARIO L. LUTHER, individually and ) | JUDGE GIBSON |
| in his capacity as President and Owner, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This case comes before the Court on the Defendant's Motion to Dismiss (Document No. 3) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion is granted in part and denied in part.

### JURISDICTION

This Court has personal jurisdiction over the parties and also possesses subject matter jurisdiction over the federal questions arising in this matter by virtue of 28 U.S.C. §§ 1331 and 1343, and by virtue of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1). In accordance with 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims made pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951 *et. seq.*, as amended, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et. seq.*, as amended. Venue is proper in accordance with 28 U.S.C. § 1391(b).

## ANALYSIS

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

> the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.

*Jordan v. Fox, Rothschild, O'Brien, & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929, 945 (2007) (citation omitted). In considering a motion to dismiss, the Court is not deciding the issue of whether a "plaintiff will ultimately prevail" but is deciding if the plaintiff "is entitled to offer evidence to support [his] claims". *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997) (citation omitted); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

The Court may also look beyond the complaint

> to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.

*Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 781 (W.D.Pa. 2000) (quoting *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1161 (E.D.Pa. 1996)). The documents to be considered in this case are either sent to or from government agencies, referenced in the complaint, and/or essential to

Plaintiff's claim and attached to Defendants' motion, so the Court may consider them in deciding the Motion to Dismiss.

Defendants Freedom Ford Sales, Inc. (Freedom Ford) and Mario L. Luther (Luther) argue in their motion and brief supporting that motion that: 1) Mrs. Cunningham's (Plaintiff) Pennsylvania Human Relations Act (PHRA) claim fails because she did not file an administrative charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) within 180 days of her discharge; 2) Plaintiff's claim under the Equal Pay Act (EPA) fails because a) it was not filed within two years of the employee's last paycheck, and b) because Plaintiff did not allege that a comparator of the opposite sex was paid more for performing "substantially equal" work; 3) Plaintiff's Pennsylvania Wage Payment and Collection Law (WPCL) claim fails because Plaintiff failed to plead the existence and terms of a valid and binding contractual agreement for the compensation alleged to be due; and 4) that Luther should be dismissed from the action because there is no individual liability under Title VII or the EPA.

## PLAINTIFF'S PHRA CLAIM

To bring a claim under Title VII, a complainant must generally file a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The deadline is extended to 300 days when the complainant lives in a deferral state, like Pennsylvania, which has a state law prohibiting the practice alleged and which has a state agency established to grant or seek relief from the practices prohibited. *Id.*; *Cardenas v. Massey*, 269 F.3d 251, 255 n.2 (3d Cir. 2001). To be considered a charge of "an unlawful employment practice," the charge must "be in writing and signed and shall

be verified." 29 C.F.R § 1601.9. To be considered "verified," the charge must be either "sworn to or affirmed before a notary public...or other person duly authorized by law to administer oaths [or] supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a).

In the present case, the letter that Plaintiff's counsel sent to the EEOC on October 1, 2004, and which was received on October 4, 2004, sets forth enough information to satisfy 29 C.F.R.§ 1601.12(b). § 1601.12(b) provides in relevant part:

> a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including the failure to verify the charge, or to clarify or amplify the allegations made therein. Such amendments...will relate back to the date the charge was first received.

The EEOC received a *verified* Charge of Discrimination on February 8, 2005. However, the letter of October 4 was sufficiently precise to identify the parties and the employment practices of which Plaintiff complained. Although the letter was not "verified" within the meaning of the administrative regulation, the EEOC charge which was signed under penalty of perjury on February 8, 2005 relates back to the letter of October 4, 2004, and thus the technical defect is cured. *See Patsakis v. Eastern Orthodox Foundation*, No. 04-1662, 2006 WL 2087513, at *11, 2006 U.S. Dist. LEXIS 50863, at *31 (W.D.Pa. May 17, 2006) (citing *Edelman v. Lynchburg College*, 535 U.S. 106, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002)). However, in the case *sub judice*, the EEOC contacted the Plaintiff in response to letter of October 4, 2004, on October 22, 2004, stating that "[t]he correspondence has been reviewed and [Plaintiff] needs to clarify some issues...." Document 5-2, Exhibit C.

4

The Court of Appeals for the Third Circuit has previously declined to find that a charge had been filed when the EEOC informs the complainant that it needs more information. *Michelson v. Exxon Research & Eng'g Co.*, 808 F.2d 1005, 1010 (3d Cir. 1987). In *Michelson*, the court held that a charge was not filed because the EEOC told the plaintiff that it needed more facts and that the plaintiff needed to get back in touch with the EEOC to commence a formal charge. *Id.* However, *Michelson* is distinguishable on the grounds that the plaintiff in that case never tried to contact the EEOC again. *Id.* Also, the plaintiff in that case only stated to the EEOC that he "was interested in filing" a claim, which could mean that he did not intend his initial telephone call to be the filing of a complaint. *Id.* In the present case, the fact that the EEOC needed more information related to a technical defect which was cured when Plaintiff clarified and amplified her original allegations. Additionally, the letter of October 4, 2004, explicitly asks the EEOC to docket the letter as a charge of sex discrimination. *See* Document No. 5-2, Exhibit B.

Similar to EEOC regulations, a plaintiff must file a charge of discrimination with the PHRC "within 180 days of the alleged act of discrimination." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997); 16 Pa. Code § 42.14(a). In the present case, it is true that the PHRC did not acknowledge the charge until February 15, 2005, more than 180 days after the termination of Plaintiff's employment, which was the last alleged act of discrimination. It is necessary, therefore, to answer the following questions: 1) Was Plaintiff's complaint filed with the PHRC? 2) If so, was it filed timely? and 3) If the filing was not timely, can the untimeliness be excused under the doctrine of equitable tolling?

5

**Plaintiff's complaint was filed with the PHRC**

The EEOC submitted the charge to the PHRC, which makes the fact that Plaintiff signed the "Information for Complainants & Election Option to Dual File with the Pennsylvania Human Relations Committee" (Document No. 5-2, Exhibit K) indicating that she did not want to cross-file with the PHRC of no consequence. The result achieved by the transmission of the complaint by the EEOC to the PHRC is the same as if Plaintiff had filed the charges with the PHRC herself. *Vincent v. Fuller Co.*, 616 A.2d 969, 971 (Pa. 1992); *Lukus v. Westinghouse Electric Corp.*, 419 A.2d 431, 452 (Pa. Super. 1980) (transmission of EEOC complaint to PHRC constitutes a filing of a verified complaint with the PHRC). In the case *sub judice*, the EEOC ignored Plaintiff's request and submitted the charge to the PHRC anyway, and the result is the same as if the Plaintiff had desired dual filing. *Baker v. United Defense Industries, Inc.*, No. 1:CV-05-2643, 2006 WL 3486445, at *3, 2006 U.S. Dist. LEXIS 87045, at *11 (M.D.Pa. December 1, 2006).

In *Lukus*, the PHRC wrote to the EEOC stating that it was terminating the activity on the complaint, which it had received exclusively from the EEOC. *Lukus*, 419 A.2d at 452. The Superior Court of Pennsylvania stated that "it could not terminate activity unless it had at some point commenced activity on the complaint." *Id.* Similarly, in the present case, the PHRC wrote to Plaintiff, telling her that PHRC's intention was to close the case "based on the accrual of the right to file in state court...." Document No. 5-2, Exhibit N. The PHRC could not close the case unless it had first opened it, and the PHRC would not have been able to open a case if there had not been a complaint filed with it.

Additionally, the PHRC "retains the discretion to accept nonconforming complaints." *Barb v. Miles, Inc.*, 861 F. Supp. 356, 362 (W.D.Pa. 1994). In *Barb*, the plaintiff did not file a complaint with the PHRC, but the EEOC submitted the plaintiff's complaint to the PHRC pursuant to the work sharing agreement between the two agencies.[1] *Id.* at 361. Though the submission of the complaint was unquestionably timely in that instance, the Court found more weight in the fact that the PHRC accepted the complaint as transmitted to them by the EEOC. *Id.* at 362. In the present case, if the PHRC had a problem with the complaint, the complainant should have been notified that the complaint would be dismissed if not amended. Apparently, PHRC accepted Plaintiff's complaint, timely or not, as there is no evidence that PHRC dismissed it as untimely. The correspondence from the PHRC, however, does not allude to any problems with the complaint. The letter from the PHRC to Plaintiff dated February 15, 2005 states that the EEOC charge was, at that time, filed with the PHRC. Document No. 5-2, Exhibit M. Another letter from the PHRC, dated March 16, 2006, states that the Plaintiff did preserve her rights under state law. Document No. 5-2, Exhibit N.

Therefore, the Court finds that the complaint was filed with the PHRC.

## Plaintiff's Complaint was Not Timely Filed

A charge is deemed filed on the day it is received by the PHRC regardless if it is filed by the complainant or if it is transmitted by the EEOC. *Barb*, 861 F. Supp. at 361; 16 Pa.Code 42.14(c). Plaintiff was terminated on July 15, 2004. Complaint ¶¶ 14-15. The last day for filing with the PHRC was January 11, 2005 – 180 days later. The EEOC, however, did not transmit the charge

---

[1] 29 C.F.R. § 1601.13(a)(4)(i) requires the EEOC to forward charges to state agencies.

until February 10, almost a month too late. Document No. 5-2, Exhibit L. Even though the PHRC accepted the charge as filed, Pennsylvania Courts have been strict in their application of the 180 day charge filing requirement. *See Vincent v. Fuller Co.*, 616 A.2d 969 (Pa. 1992).

> The EEOC's regulations require it to transmit the charge to the PHRC:
>
> Where any document, *whether or not verified*, is received by the Commission...which may constitute a charge cognizable under title VII or the ADA, and where the FEP agency has not waived its right to the period of exclusive processing with respect to that document, that document shall be deferred to the appropriate FEP agency...(emphasis added).

29 C.F.R. § 1601.13(a)(4)(i). However, filing with the EEOC does not constitute filing with the PHRC regardless of the existence of the work sharing agreement. *Woodson*, 109 F.3d at 925. PHRC's filing requirement is satisfied if the PHRC actually receives the documents. *Lukus*, 419 A.2d at 452; *see also Shaver v. Corry Hiebert Corp.*, 936 F.Supp. 313, 318 (W.D.Pa. 1996).

In *Shaver*, which is similar to the case *sub judice*, the plaintiff did not request to cross-file with the PHRC, but the EEOC transmitted the complaint anyway. *Shaver*, 936 F.Supp. at 319. The Court held that the "charge was presented to the PHRC in a manner adequate to preserve his right to sue under the PHRA." *Id.* However, like the present case, the EEOC transmitted the complaint in *Shaver* outside of the 180 day filing period. *Id.* at 316. The Court held that it would have to apply equitable tolling in order to extend the deadline. *Id.* at 317. As the filing was untimely in the case *sub judice*, the Court must determine if equitable tolling applies to the Plaintiff's PHRC complaint.

8

### Equitable Tolling Does Not Excuse Plaintiff's Untimely Filing

Without regard to when the complaint was actually transmitted from the EEOC to the PHRC, the doctrine of equitable tolling could allow Plaintiff to assert her PHRA claim. However, equitable tolling is to be used only when absolutely necessary because "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 240 (3d Cir. 1999) (quoting *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986)).

> [T]here are three principle, though not exclusive, situations in which Equitable Tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Epps v. City of Pittsburgh*, 33 F.Supp.2d 409, 413 (W.D.Pa. 1998).

In the present case, there are no allegations that Defendants in any way misled Plaintiff regarding her cause of action. Nor is this an instance where a plaintiff has asserted his or her rights mistakenly in the wrong forum. For equitable tolling to apply, Plaintiff would have to have been prevented from asserting her rights in an extraordinary way.

Plaintiff claims in her Brief in Opposition to Defendants' Motion to Dismiss that the EEOC's delays in processing her charge should be the basis for equitable tolling. Document No. 5-1, p. 8. Complainants are usually not held responsible for delays in filing caused by administrative agencies. *See Commonwealth Bank and Trust Co. N.A. v. Winterberger*, 582 A.2d 730 (Pa. Commw. Ct. 1990); *Shaver*, 936 F. Supp. at 317-19. However, plaintiffs must use due diligence in trying to timely file their claims. *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753-54

9

(3d Cir. 1983). Also, courts are more likely to find equitable tolling appropriate when the plaintiff is proceeding *pro se*. *Jones v. Baskin, Flaherty, Elliot and Mannino, P.C.*, 738 F.Supp. 937, 940 (W.D.Pa. 1989).

Plaintiff contends that the most factually analogous case from a Pennsylvania court is *Winterberger*, but this Court finds few factual parallels. Document No. 5-1, pp. 10-11. Even though the complainant in *Winterberger* had retained counsel from the beginning of filing the complaint, counsel in that case called the PHRC once a month for four months in order to be sure the claim was being processed. *Winterberger*, 582 A.2d at 731. In addition, the complainant in *Winterberger* attempted to file the complaint with the PHRC herself without relying on the work-sharing agreement between the EEOC and the PHRC. *Id.* The PHRC was also a co-respondent in that case, and it admitted to causing the administrative delays. *Id.* at 732.

In the different circumstances of *Jones*, the plaintiff was unrepresented, but he himself was an attorney. *Jones*, 738 F. Supp. at 940. The plaintiff instructed the EEOC not to refer his charge, which it did not, but the plaintiff then tried to bring an action which required the filing of the charge with the PHRC. *Id.* at 938. The court found that being an attorney put the plaintiff on par with plaintiffs who do retain counsel, and "the case law clearly places a high duty of vigilance on such plaintiffs." *Id.* at 940.

As for the administrative delays, there is nothing before this Court that shows that the EEOC delayed any more with Plaintiff's complaint than with any other. In *Kocian*, the court found that the delays, while possibly the fault of the EEOC, did not warrant equitable tolling because the plaintiff was represented by counsel. *Kocian*, 707 F.2d at 755. In that case, the EEOC did not send

a charge for the plaintiff to sign until one day after the statute of limitations had run. *Id.* at 753. However, the plaintiff and her counsel spent over a week correcting the charge before sending back to the EEOC. *Id.* at 754. Had the plaintiff immediately signed it and sent it back, the court stated that it would have been easier to find that the statute was equitably tolled by the EEOC's delays. *Id.*

In the present case, Plaintiff was represented by counsel. Plaintiff's counsel's only correspondence with PHRA that appears before this court is a letter dated April 6, 2006, over a year after the charge was filed, asking the PHRA to keep the case open. Document No. 9-2, Exhibit A. Furthermore, Plaintiff's counsel, in a letter to the EEOC dated January 20, 2005, stated that Plaintiff did "not wish to elect an investigation by the [PHRC]." Document No. 8-10, Exhibit 9. Finally, Plaintiff signed the EEOC's form "Information for Complainants & Election Option to Dual File with the Pennsylvania Human Relations Commission" on February 7, 2005, under the bolded and italicized line "*I do not want my charge dual filed with PHRC.*" Document No. 5-2, Exhibit K (emphasis in original).

Finally, EEOC sent the first formal charge to be signed on January 11, 2005, which was the last day it could have been filed with the PHRC. Document No. 5-2, Exhibit H. Had Plaintiff signed this charge and sent it back, there might have been reason to toll the statute of limitations due to EEOC's delay. Indeed, the EEOC's letter accompanying the charge contained an apology for a "delay in getting this information to" Plaintiff. Document No. 5-2, Exhibit H. However, Plaintiff's counsel then "made some changes necessary to correct the facts" in the charge before sending it back to the EEOC, which was received January 21, 2005. Document No. 8-10, Exhibit 9. The EEOC then sent the revised charge on February 1, which was signed by Plaintiff on February 7

11

and received by the EEOC on February 8. Document No. 5-2, Exhibits I and J. Because Plaintiff would have been able to amend the charge after filing pursuant to 29 C.F.R.§ 1601.12(b) if there were facts which needed to be corrected, Plaintiff should have signed and immediately returned the charge including the factual mistakes from January 11, 2005, to the EEOC if she wanted it to be timely filed with the PHRC.

All of these factors counsel against finding that Plaintiff used due diligence in trying to submit her charge to the PHRC. Plaintiff and her counsel had ample opportunity to file with the PHRC without waiting for the EEOC to do it pursuant to the work-sharing agreement, but they did not even try. If anything, they tried to prevent the filing of the charge with the PHRC. Therefore, equitable tolling cannot apply.

Accordingly, Defendant's Motion to Dismiss Plaintiff's PHRA claim is granted.

## PLAINTIFF'S EPA CLAIM

Claims arising under the EPA must be brought within two years unless the violation is considered "willful," in which case the statute of limitations is three years. 29 U.S.C. § 255(a). Because Plaintiff never uses the word "willful" in her complaint, Defendants argue that willfulness is not alleged, and that dismissal is warranted because the present claim was not brought within two years. However, the principles set forth by the Supreme Court with regard to Federal Rule of Civil Procedure 8(a)'s simplified notice pleadings standard seem to counsel against dismissal in the present case. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). In *Swierkiewicz*, the Court stated that a complaint must provide "fair notice of [the] claims...and the

12

grounds upon which they rest." *Swierkiewicz*, 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1, 10 (citation omitted).

The Supreme Court recently viewed the pleading standard to be correctly stated as: "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929, 945 (2007) (citation omitted). In *Bell Atlantic*, the Supreme Court recognized that its decision is not contrary to *Swierkiewicz*, but that Rule 8 requires sufficient pleading of facts "to state a claim to relief that is plausible on its face." *Twombly*, ___U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929, 949.

In the present case, although Plaintiff did not expressly allege willfulness, the complaint includes many allegations, including reduction of compensation and termination of employment, which could be construed as willful acts on the part of the Defendants. Complaint ¶¶ 1, 11-13, 17. "[W]hether or not there has been a willful violation of the FLSA is a question of fact to be determined from the evidence. Therefore, the court cannot proceed summarily on this issue." *Cacchione v. Erie Technological Products, Inc.*, 526 F.Supp. 272, 275 (W.D.Pa. 1981). This Court finds that the Complaint provides the Defendant with notice of the claim and its underlying facts, and this Court holds that the presence of the word "willful" is not a requirement under the liberal pleading standards of Rule 8(a). It is the facts, not the legal conclusions, which determine viability of a claim under Rule 8(a). *See Bell Atlantic*, — U.S. —, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929, 940 ("'entitlement to relief' requires more than labels and conclusions"). Plaintiff's EPA claim may still be viable under the extended three-year statute of limitations.

Defendants also contend that Plaintiff's allegation that subordinate males were paid more than her does not support an EPA claim. However, that argument is inaccurate. Defendants further argue that the Plaintiff fails to state a *prima facie* claim for an EPA violation because she has not alleged facts demonstrating that the alleged male comparators "were paid differently for performing 'equal work' - work of substantially equal skill, effort and responsibility, under similar working conditions." *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000) (citation omitted). Plaintiff alleged that male managers were not subject to the same reductions in payment that she was. Complaint ¶ 13. The Plaintiff lists these managers by name and title. *Id.* However, this information does little to describe the "job content" behind the "name [of] the position...." *Brobst v. Columbus Services Intern.*, 761 F.2d 148, 155 (3d Cir. 1985). Reference to "subordinate" males (*See* Complaint ¶ 10) in the list of people who were paid higher wages than Plaintiff may be relevant to her EPA claim, but it is not the basis for an EPA claim because it has not been alleged that the subordinate males performed "equal work" as compared to the Plaintiff.

Even if "subordinates" had been alleged to have performed jobs that required "substantially equal skill, effort, and responsibility," the allegation of facts occurring in May 2000 at paragraph 10 of the Complaint is time barred even if the Court were to employ the extended three-year statute of limitations. *See Stanziale*, *supra*; *Cacchione*, 526 F. Supp. at 275-76. Therefore, the Defendants' Motion to Dismiss is granted as to Plaintiff's EPA claim.

### PLAINTIFF'S WPCL CLAIM

"WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the

parties governs in determining whether specific wages are earned." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990) (citations omitted).

Defendants assert that the Plaintiff has failed to plead all but one of the necessary elements of a contract (damages), and the WPCL claim should therefore be dismissed. Defendants Brief, pp. 11-12. Defendants cite to the unpublished case of *Mavrinac v. Emergency Medical Ass'n of Pittsburgh*, No. 2:04CV1880, 2005 WL 2304995, at *8 (W.D.Pa. Sept. 21, 2005) in support of this argument. Despite the court's finding in *Mavrinac* that the terms of the employment contract or a copy of it were not included within the complaint, this Court does not believe such specificity is required by Federal Rule of Civil Procedure 8(a). However, the Court does agree with the *Mavrinac* ruling inasmuch as an allegation that earned compensation paid pursuant to a contractual obligation is necessary to put forth a claim for a violation of the WPCL. *See id.* Without such an allegation, the Plaintiff's WPCL claim would appear to be implausible and require dismissal under *Bell Atlantic, supra.*

In the case *sub judice*, liberal pleading requirements of Rule 8(a) advise against dismissal. Plaintiff implicitly references a valid employment contract in her complaint. *See* Complaint ¶¶ 1, 9-12, 17-18, 20, and 26. The Plaintiff also expressly states that Defendants did not pay her "vacation pay in excess of $2,000.00" that "had accrued." Complaint ¶ 20. Despite the language of *Mavrinac*, the Plaintiff is claiming a violation of WPCL, not a breach of contract. Rule 8(a) only requires a pleading to "give the defendant fair notice of what the plaintiff's claim is and grounds upon which it rests." *Thomas v. Independence Twp.*, 463 F.3d 285, 295 (3d Cir. 2006) (citation omitted). The Plaintiff has given such notice of a claim made pursuant to WPCL with respect to

15

approximately $2,000 in vacation pay alleged to have been earned but not paid to the Plaintiff for her employment with Freedom Ford. As a result, the Complaint sets forth a claim under Rule 8 and the new "plausibility" standard of *Bell Atlantic*, ___ U.S. ___, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929, 945.

Therefore, the Defendants' Motion to Dismiss Plaintiff's WPCL claim is denied.

## DISMISSAL OF DEFENDANT LUTHER

Title VII does not provide for individual liability of employees. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Dici v. Commonwealth of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996); *Verdecchia v. Douglas A. Prozan, Inc.*, 274 F. Supp. 2d 712, 723 (W.D.Pa. 2003). "Generally, the PHRA is applied in accordance with Title VII," and, like Title VII, the PHRA's definition of employers "cannot be construed to include 'employees.'" *Holocheck v. Luzerne County Head Start, Inc.*, 385 F.Supp.2d 491, 496 (M.D.Pa. 2005).

Generally, in the same manner, individuals cannot be held liable under the EPA with the exception of a corporate officer who engages in acts outside the scope of his agency or if the corporate entity is not culpable or can only be reached by piercing the corporate veil. *See Mavrinac v. Emergency Med. Ass'n*, No. 2:04CV1880, 2005 WL 2304995, at *7 (W.D.Pa. Sept. 21, 2005) (citing *Lazarz v. Brush Wellman, Inc.*, 857 F. Supp. 417, 422 (E.D.Pa. 1994)). Luther argues that, pursuant to allegations of the complaint, such principles should apply to dismiss him as a defendant in this matter.

However, an employee may be liable for unpaid wages under the WPCL if that employee is a "policy-making officer." *Central Pennsylvania Teamsters Pension Fund v. Burten*, 634 F. Supp.

16

128 (E.D.Pa. 1986); 43 P.S. § 260.2a. As President, Treasurer, and owner of the majority of stock of Freedom Ford, Luther undoubtedly has an active role as a decision maker with respect to paying employee wages. Therefore, he is of the class of people meant to be held individually liable under the WPCL.

Additionally, although Title VII does not allow for individuals to be held liable, persons acting as an "agent" of an employer can be held liable as employers. 42 U.S.C. § 2000e(b). The Plaintiff has alleged that Luther is the person who "singled her out...because of her female sex," "reduced her compensation," and "terminated her employment." Complaint ¶ 1. These are sufficient allegations which, if proven, would show that Luther acted as the agent of Freedom Ford, and that he may therefore be held liable as an employer under Title VII.

Plaintiff's PHRA claim would be viable against Luther personally (if it were not dismissed) because Title VII and the PHRA are usually construed in the same manner. *Chmill v. City of Pittsburgh*, 412 A.2d 860, 871 (Pa. 1980). In addition, the PHRA allows for individual liability beyond Title VII, stating that it is unlawful for "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice...." 43 P.S. § 955(e). *See also Dici v. Commonwealth of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996). Even assuming that Luther is not an employer, he could have been held liable under the PHRA for aiding and abetting the discriminatory act.

Under the EPA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C.§ 203(d). Using reasoning similar

to that above, there is no doubt that Luther acted directly in the interest of Freedom Ford in relation to Plaintiff, and it is therefore possible that he could be found liable under the EPA if the Plaintiff's claim were not dismissed.

The Defendants' Motion to Dismiss Defendant Luther is therefore denied.

## AMENDMENTS TO PLEADINGS

District courts must allow amendments to pleadings when dismissing a complaint for failure to state a claim in civil rights cases, regardless of whether the nonmoving party requests it. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.* 482 F.3d 247 (3d Cir. 2007). As this case was brought under the Civil Rights Act, among other things, it is most certainly a "civil rights" case. Therefore, Plaintiff may, as a matter of right, amend her complaint to state a claim before it will be dismissed even though she did not request leave to do so.

**AND NOW**, this 16th day of August, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendants' Motion to Dismiss (Document No. 3) is DENIED IN PART with respect to Defendant Luther's individual liability and Plaintiff's Pennsylvania Wage Payment and Collection Law claim, 43 P.S. § 260.1 *et. seq.* (Complaint ¶ 26) and GRANTED IN PART as to Plaintiff's Equal Pay Act of 1963 claim, 29 U.S.C. § 206(d)(1) (Complaint ¶ 24), and Plaintiff's Pennsylvania Human Relations Act claim, 43 P.S. § 951 *et. seq.* (Complaint ¶ 25) subject to Plaintiff's right to amend.

IT IS FURTHER ORDERED THAT the Plaintiff shall have twenty (20) days to amend her claims at ¶¶ 24 and 25 of the Complaint.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**